GARY JAMES BOTTOMLEY v. LOIS SHEPHERD BOTTOMLEY

No. 8623DC15

(Filed 5 August 1986)

1. **Husband and Wife § 11.1— separation agreement—court's reduction in child support—effect**

   The trial court had authority to order child support in a lesser sum than that provided for in the parties' separation agreement, but the effect of such an order was not to deprive defendant wife of her contractual right to recover the sums provided for in the agreement.

2. **Husband and Wife § 11.1— separation agreement—child support—court's reduction not supported by evidence**

   The trial court's findings of fact were insufficient to support its conclusion that the parties' agreed upon amount of child support was excessive and that the sum of $1,000 per month was "a generous and adequate amount of child support," since the court's order contained findings only as to the expenses for the child claimed in defendant wife's affidavit which the court considered excessive but contained no findings as to the child's actual past expenditures and

Bottomley v. Bottomley

present reasonable expenses, and contained findings as to the parents' incomes, but contained no findings as to their estates and present reasonable expenses so as to determine their relative ability to pay.

APPEAL by defendant from *Osborne, Judge*. Order entered 1 October 1985 in District Court, WILKES County. Heard in the Court of Appeals 8 May 1986.

Plaintiff-husband and defendant-wife separated on 21 July 1983. They entered a Separation Agreement on 6 October 1983 and were divorced on 21 August 1984.

The Separation Agreement gave defendant-wife custody of the minor child born of the marriage, subject to reasonable visitation with plaintiff-husband. It further provided that plaintiff-husband would pay to defendant-wife the sum of $1,650 per month as support for the child. This sum represented twenty-seven percent of plaintiff-husband's then net monthly income. If his net monthly income changed, the payments were to continue in a sum equal to twenty-seven percent of his net monthly income. When this matter was heard, that sum was in excess of $1,700 per month.[1]

The Separation Agreement was not incorporated into or made a part of the divorce judgment or any other court order. The parties have not heretofore been in court on the issues of child custody and support.

On 3 July 1985 plaintiff-husband filed in the District Court of Wilkes County a document captioned "Motion." While the record does not contain the parties' divorce judgment, it is apparent from the case number and the transcript that the document was filed in the parties' divorce action. The document alleged the parties' marriage, their divorce, and the birth of their minor child. It alleged "[t]hat the Court has not heretofore heard evidence and judicially determined matters involving custody, support and visitation involving the parties' minor child." It then alleged that the

---

1. Both parties are executive officers at Holly Farms Poultry Industries in Wilkesboro. Plaintiff-husband has a gross income of approximately $140,000 per year and his monthly "take-home" pay was approximately $6,500 at the time of these hearings. Defendant-wife has a gross income of approximately $75,000 per year and her "take-home" pay was approximately $3,500 per month at the time of these hearings.

Bottomley v. Bottomley

parties had entered the Separation Agreement and that subsequent thereto there had been "a significant change of circumstances regarding the parties and their minor child and that it would be in the best interest of the minor child if the Court were to review this matter and enter appropriate orders regarding custody, support and visitation." The specific change of circumstances alleged was that the child was spending longer periods of time with plaintiff-husband. Plaintiff-husband prayed that he be awarded principal custody of the child and that "the Court review the matter involving child support and enter an appropriate order of support."

The trial court held two hearings and, with the consent of the parties, talked privately with the minor child. It then found that it would be in the best interest of the child that principal custody remain with defendant-wife, and it so ordered. Plaintiff-husband does not appeal from this portion of the order.

The court further found that defendant-wife had submitted monthly child support expenses totaling $1,955, but that "such figure is excessive and is far beyond the actual needs of the child." The order specifies the items in defendant-wife's affidavit on child support expenses that the court found unnecessary or excessive. It further contains the following:

> [Plaintiff-husband] is financially able to comply with the terms of the separation agreement. The Court does give some weight to the separation agreement . . . but . . . finds that the amount of child support as set in the . . . agreement is far in excess of the reasonable needs of the minor child, and although it does contribute in general to the lifestyle of the mother, the Court does not consider itself bound by the figures set in the . . . agreement, and therefore, makes its own independent determination of what is fair and reasonable child support in this case.

> The Court finds that the figures submitted by the mother as reasonable expenses are not only excessive, but . . . overlook the ability of the mother to share in some part in providing support for said minor.

> The Court finds in taking into consideration all of the above factors that $1,000 per month . . . is a generous and

adequate amount of child support, consistent with the life-style of the parties.

The court ordered plaintiff-husband to pay defendant-wife the sum of $1,000 per month child support and to "be responsible for paying all medical or dental bills incurred by said minor child which are not covered by any insurance." Defendant-wife excepted to the foregoing findings and appeals.

*Ferree, Cunningham & Gray, P.A., by George G. Cunningham, for plaintiff appellee.*

*Vannoy & Reeves, by Jimmy D. Reeves, for defendant appellant.*

WHICHARD, Judge.

## I.

"Any parent . . . having custody of a minor child, or bringing an action or proceeding for the custody of such child" may institute an action for child support. N.C. Gen. Stat. 50-13.4(a). Such an action may be maintained by motion in the cause in an action for divorce. N.C. Gen. Stat. 50-13.5(b)(5). Thus, plaintiff-husband, as a parent seeking custody in this proceeding, could seek to have his child support obligation determined through a motion in the cause in the divorce action. He was not precluded from doing so by the fact that the court had not previously entered orders in that action relating to child support.

## II.

[1] Defendant-wife contends the court erred in finding that, notwithstanding the Separation Agreement, it could make "its own independent determination of what is fair and reasonable child support in this case." We disagree.

"It is settled that any separation agreement dealing with the custody and the support of the children of the parties cannot deprive the court of its inherent as well as statutory authority to protect the interests of and provide for the welfare of minors." *McKaughn v. McKaughn*, 29 N.C. App. 702, 704, 225 S.E. 2d 616, 618 (1976), citing 2 R. Lee, *North Carolina Family Law* Sec. 190 (1963). While in the usual case the custodial parent obtains an in-

crease in the agreed-upon support, *see, e.g., Fuchs v. Fuchs*, 260 N.C. 635, 133 S.E. 2d 487 (1963), this Court has upheld an order setting a lesser amount than that provided for by the applicable separation agreement. *McKaughn, supra.* The Court stated: "The judgment in this case does not change plaintiff's *contractual* obligations under the separation agreement. The question before the court was what amount it would require in the exercise of its inherent and statutory authority to provide for the welfare of minors." *Id.* at 706, 225 S.E. 2d at 619.

We find *McKaughn* controlling and hold, pursuant thereto, that the court here had authority to order child support in a lesser sum than that provided for in the parties' separation agreement. We are not persuaded by defendant-wife's argument that *McKaughn*, should be limited to its particular facts which are not present here, *viz*, "drastically changed circumstances making it impossible for the husband to comply with the separation agreement." Rather, while the court could not relieve plaintiff-husband of any contractual obligation he assumed to support his child in excess of what the law would require—*Harding v. Harding*, 29 N.C. App. 633, 639, 225 S.E. 2d 590, 594 (1976); *McKaughn, supra* — it could, "in the exercise of its inherent and statutory authority to provide for the welfare of minors," order payment of an amount either larger or smaller than that provided for in the agreement. *McKaughn*, 29 N.C. App. at 706, 225 S.E. 2d at 619. That amount should be "a reasonable subsistence, to be determined by the trial judge in the exercise of a sound judicial discretion from the evidence before him. His determination . . . will not be disturbed in the absence of a clear abuse of discretion." *Beall v. Beall*, 290 N.C. 669, 673-74, 228 S.E. 2d 407, 410 (1976).

The effect of such an order is not to deprive defendant-wife of her contractual right to recover the sums provided for in the agreement, *McKaughn, supra*, but to limit her contempt remedy to the sums provided for by the court order.

> Although a court may increase or decrease its own prior award for the support of a minor child, a court cannot intervene to reduce or relieve a parent from his contractual obligations to support his child in excess of that required by law. A parent can by contract assume a greater obligation to his child than the law imposes. *Thus, if the court allows the*

> *child's [custodial parent] less money for support for [the] child*
> *than does the valid separation agreement between the child's*
> *parents, the remedy of the [custodial parent] is to sue the*
> *[non-custodial parent] for breach of contract and obtain a*
> *judgment for the difference. The [non-custodial parent's] duty*
> *under the court order may be enforced by contempt proceed-*
> *ings, while his [or her] contractual obligations may not be so*
> *enforced.*

3 R. Lee, *North Carolina Family Law* Sec. 229 at 139 (4th ed. 1981) (emphasis supplied).

### III.

**[2]** Defendant-wife further contends the court erred in finding that the agreed-upon amount of support was excessive and that the sum of $1,000 per month "is a generous and adequate amount of child support." We hold that the portion of the order setting child support is not based on sufficient findings of fact to allow effective appellate review.

This Court has stated:

Our Supreme Court has recently reiterated the need for findings of specific fact in child support orders.

> Under G.S. 50-13.4(c) . . . an order for child support must
> be based upon the interplay of the trial court's conclu-
> sions of law as to (1) the amount of support necessary to
> "meet the reasonable needs of the child" and (2) the
> relative ability of the parties to provide that amount.
> These conclusions must themselves be based upon fac-
> tual *findings* specific enough to indicate to the appellate
> court that the judge below took "due regard" of the par-
> ticular "estates, earnings, conditions, [and] accustomed
> standard of living" of both the child and the parents
> . . . . It is not enough that there may be evidence in the
> record sufficient to support findings which could have
> been made.

*Coble v. Coble*, 300 N.C. 708, 712, 268 S.E. 2d 185, 189 (1980). Not only must the trial court hear evidence on each of the factors listed above, but the trial court must also substantiate its conclusions of law by making findings of specific

Bottomley v. Bottomley

facts on each of the listed factors. *See Steele v. Steele,* 36 N.C. App. 601, 244 S.E. 2d 466 (1978). The trial court must hear evidence and make findings of specific fact on the child's actual past expenditures and present reasonable needs to determine "the reasonable needs of the child." *Steele* at 604, 244 S.E. 2d at 469; *Daniels v. Hatcher,* 46 N.C. App. 481, 484, 265 S.E. 2d 429, 432, *disc. rev. denied,* 301 N.C. 87, --- S.E. 2d --- (1980). Further, the trial court must hear evidence and make findings of fact on the parents' income, estates . . . and present reasonable expenses to determine the parties' relative ability to pay. *Steele* at 604; 244 S.E. 2d at 469; *Daniels* at 484, 265 S.E. 2d at 432.

*Newman v. Newman,* 64 N.C. App. 125, 127-28, 306 S.E. 2d 540, 542, *disc. rev. denied,* 309 N.C. 822, 310 S.E. 2d 351 (1983). Our Supreme Court has set forth the rationale for requiring specific findings as follows:

Effective appellate review of an order entered by a trial court sitting without a jury is largely dependent upon the specificity by which the order's rationale is articulated. Evidence must support findings; findings must support conclusions; conclusions must support the judgment. Each step of the progression must be taken by the trial judge, in logical sequence; each link in the chain of reasoning must appear in the order itself. Where there is a gap, it cannot be determined on appeal whether the trial court correctly exercised its function to find the facts and apply the law thereto.

*Coble v. Coble,* 300 N.C. 708, 714, 268 S.E. 2d 185, 190 (1980).

Judged by the standard of these cases and the authorities cited therein, the order here is altogether deficient. It contains findings only as to the expenses for the child claimed in defendant-wife's affidavit which the court considered excessive. It contains no findings as to the child's actual past expenditures and present reasonable expenses. *Newman, supra.* While it contains findings as to the parents' incomes, it contains no findings as to their estates and present reasonable expenses so as to determine their relative ability to pay. *Id.* It thus "cannot be determined on appeal whether the trial court correctly exercised its function to find the facts and apply the law thereto." *Coble, supra.*

IV.

For the reasons stated, we affirm the order insofar as it finds that the trial court was not "bound by the figures set in the separation agreement, and [could make] its own independent determination of what is fair and reasonable child support in this case." The order is otherwise vacated, and the cause is remanded for entry of an appropriate order containing findings that accord with the requirements articulated in *Coble, supra,* and *Newman, supra.*

Affirmed in part, vacated in part, and remanded.

Judges WEBB and JOHNSON concur.