ROD BRIND'AMOUR, Plaintiff v. KELLE BRIND'AMOUR, Defendant

No. COA08-543

(Filed 7 April 2009)

## 1. Child Support, Custody, and Visitation— child support— *Pataky* presumption—rebutted

The trial court did not abuse its discretion in a child support case by determining that the *Pataky* presumption (that the amount agreed upon in the parties' agreement is just and reasonable) had been rebutted. The parties submitted substantial evidence of expenses related to the children's needs and the court made numerous, in-depth findings regarding the children and their expenses; the trial court has the discretionary authority to enter an order establishing child support in an amount less than that established by a separation or child support agreement.

## 2. Child Support, Custody, and Visitation— child support— amount—supported by findings

A child support order was supported by adequate findings where the court made over one hundred findings supported by the evidence, painstakingly reviewed the evidence, compared the evidence, and in its discretion determined an amount that would address the needs of the children. Although defendant argued

that the order deprived the children of advantages and luxuries they otherwise would have received, in its discretion the court determined that a portion of the expenses defendant claimed were either not related to need or were exorbitant. This includes the determination that the cost of a nanny was not necessary.

Appeal by defendant from judgment entered 7 December 2007 by Judge Debra S. Sasser in Wake County District Court. Heard in the Court of Appeals 3 December 2008.

*Wyrick Robbins Yates & Ponton LLP, by K. Edward Greene, D. Caldwell Barefoot, Jr., and Tobias S. Hampson, for plaintiff-appellee.*

*Gailor, Wallis & Hunt, P.L.L.C., by Kimberly A. Wallis, for defendant-appellant.*

BRYANT, Judge.

Kelle Brind'Amour (defendant) appeals from an order entered 7 December 2007 ordering Rod Brind'Amour (plaintiff) to pay to defendant child support in the amount of $9,147.00 per month. We affirm.

*Facts*

Plaintiff and defendant were married 4 August 1996 and separated 10 September 2003. The parties have three minor children who were born of the marriage. On 11 September 2003, plaintiff filed a complaint seeking child custody and equitable distribution. Defendant filed an answer and counterclaim seeking alimony and child support on 5 December 2003. Before the claims were resolved, and because plaintiff, a professional hockey player, faced a possible "lock out" by NHL owners, the parties executed a "Memorandum of Agreement of Equitable Distribution and Support Between Rod Brind'Amour and Kelle Brind'Amour" (the Agreement) which provided for child support and settled all issues relating to equitable distribution of the parties' marital property. The agreement provided that plaintiff would pay $15,000.00 per month in non-taxable child support to defendant. In the event a "lock out" occurred, plaintiff would pay $2,500.00 per month until the NHL Hockey season resumed. The agreement also provided:

Either party will have the right to file a claim regarding the support of the children in the event: (1) a NHL lockout occurs during

the 2004-2005 season and [plaintiff] is employed and earning income as a hockey player; (2) a NHL lockout will occur or continue into the 2005-2006 or 2006-2007 hockey season; or (3) prior to the beginning of the 2006-2007 hockey season after the expiration of [plaintiff]'s current contract. Payment of $2,500 per month child support is consensual and is not evidence of or to be construed as a presumption that the amount of child support in this Memorandum of Agreement is just and reasonable, or reflects the children's reasonable needs or [plaintiff]'s ability to pay. . . .

No portion of the Agreement was incorporated into a court order.

On 2 August 2004, pursuant to the Agreement, the parties voluntarily dismissed with prejudice their claims against each other but expressly excluded their claims for child custody and child support.

Plaintiff filed a Motion in the Cause for Establishment of Child Support on 8 September 2006. On 31 January 2007, defendant also filed a Motion in the Cause for Establishment of Child Support and for Attorney Fees and alleged plaintiff refused to pay certain extracurricular activities expenses as required by the agreement.

On 7 December 2007, the trial court entered an order awarding defendant $9,147.00 per month in child support. In addition, plaintiff was required to pay for all health care expenses, extracurricular activities expenses, and pay for all reasonable remaining educational expenses not covered by the agreement. In the order, the trial court made the following relevant findings:

20. Given the temporary nature of the parties' agreement with regard to child support amounts, the presumption accorded child support in unincorporated separation agreements—that the amount agreed to by the parties is just and reasonable—is rebutted by the intent of the parties as evidenced in the Agreement and in their conduct both before and after the execution of the Agreement.

. . .

23. The Brind'Amour children have enjoyed advantages that are not available to most children. These advantages include large homes, travel, and exposure to a multitude of extracurricular activities including fine arts classes, participation in sports, and attendance at plays, musicals, museums and magic shows.

. . .

25. Plaintiff and Defendant have divergent views on the lifestyle each wants for the children. The Custody Order provides the parents with joint decision-making authority regarding major decisions affecting the health and welfare of the children. The custody Order further provides that day-to-day decisions concerning the children will be made by the parent the children are with at the time.

. . .

27. Plaintiff has a strong desire to instill the value of frugality and hard work in his children, notwithstanding his high income. With the exception of the expenses related to the former marital residence, which has been for sale almost since its completion more than 5 years ago, Plaintiff's living expenses for himself and the minor children when they are in his care are substantially lower than those of the Defendant and the minor children when they are in her care.

. . .

35. As noted above, Defendant has waived her rights to and dismissed her claims for spousal support. An amount in excess of the amount awarded as child support, below, would essentially result in Plaintiff providing support to Defendant and/or result in Plaintiff subsidizing Defendant's choices regarding the children's standard of living—choices that Plaintiff has historically not supported and are inconsistent with his own lifestyle and the choices he has made for the minor children.

. . .

36. It is unreasonable for Plaintiff to be required to pay more child support than the amount set forth herein because the Defendant's expenses related to the children are excessive (as detailed below). Requiring Plaintiff to pay more than the amount set forth herein would involuntarily transfer the power of discretionary spending on the children to Defendant and result in a windfall to her that would benefit her, and her choices, more than it would serve to benefit any reasonable needs of the children.

. . .

38. The parties have abided by the terms of the Custody Order resulting in Plaintiff having the children at least forty percent

(40%) of the time and Defendant having the children no more than sixty percent (60%) of the time.

. . .

51. Defendant spends $15,600 annually ($1,300) per month on a nanny. In addition, Defendant provides a separate automobile for the nanny to use.

. . .

53. Because of the flexibility in her schedule, when the children are in the care of Defendant, the children's need for supervision and transportation can be met by Defendant without assistance of a nanny. Currently there is only one evening per week when the children are in Defendant's care for which the children's scheduled activities conflict. The cost of a nanny is not a reasonable expense when the children are in Defendant's care.

. . .

55. Defendant owns two (2) vehicles, that she keeps for the nanny's use. . . . The cost of the second vehicle is not an expense that is reasonably related to the needs of the children.

. . .

71. Defendant spends approximately $1,130.37 per month on the children's entertainment and recreation. . . .

. . .

73. Defendant has provided insufficient evidence to determine what portion of her expenditures for recreation and entertainment was solely for the children's parties as opposed to parties she threw for her friends. In addition, Defendant has provided insufficient evidence to determine the entertainment costs for the children for the other local activities.

74. It is excessive and unreasonable for Defendant to spend $1,130.37 per month on the children's entertainment. A more reasonable amount is $355 per month, which allows for spending $500 on each child's birthday party, $300 on each child's end of school pool party, and $60 per week for the time the children are in her custody.

. . .

107. It is reasonable and in the best interests of the children for Plaintiff to pay prospective child support to Defendant in the amount of $9,147 per month . . . .

Defendant appeals.

On appeal, defendant argues: (I) the trial court erred in holding that the child support obligation agreed upon in the parties' unincorporated agreement was not entitled to a presumption of reasonableness; (II) the trial court's order for child support is not supported by adequate findings of fact and conclusions of law; and (III) the trial court erred by intervening to reduce or relieve the plaintiff of his contractual obligations to support his children.

*I*

**[1]** Defendant argues the trial court erred by concluding that the amount of child support payments established in the parties' agreement was not entitled to a presumption of reasonableness or that the *Pataky* presumption was rebutted. We disagree.

" '[I]n the absence of evidence to the contrary,' the court must respect a presumption that 'the amount mutually agreed upon in the parties' child support agreement is just and reasonable.' " *Pataky v. Pataky*, 160 N.C. App. 289, 303, 585 S.E.2d 404, 413 (2003) (quoting *Fuchs v. Fuchs*, 260 N.C. 635, 639, 133 S.E.2d 487, 491 (1963)). To rebut this presumption, a party must "show the amount of support necessary to meet the reasonable needs of the child[ren] at the time of the hearing. . . . While evidence of a change in circumstances . . . may be relevant to the issue of reasonableness, such evidence is not an absolute requirement to justify an increase." *Boyd v. Boyd*, 81 N.C. App. 71, 76, 343 S.E.2d 581, 585 (1986). "To accord sufficient weight to parties' separation agreements, as our common law directs, the benchmark for comparison must be the amount needed for the children *at the time of the hearing*, compared with that provided in the agreement." *Pataky*, 160 N.C. App. at 303, 585 S.E.2d at 413 (emphasis supplied).

Our review of a child support order is limited to determining whether the trial court abused its discretion. *Roberts v. McAllister*, 174 N.C. App. 369, 374, 621 S.E.2d 191, 195 (2005). "Under this standard of review, the trial court's ruling will be overturned only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." *Id.* "The trial court must, however, make sufficient findings of fact and conclusions of law to allow the reviewing

court to determine whether a judgment, and the legal conclusions that underlie it, represent a correct application of the law." *Id.*

Defendant contends the trial court erred by concluding that the *Pataky* presumption did not apply to the parties' separation agreement. However, because the trial court also concluded that even if the *Pataky* presumption applied it had been rebutted, we need not address defendant's first contention. We must only determine whether sufficient evidence was presented to overcome the *Pataky* presumption.

In the present case, both parties submitted substantial evidence of expenses related to the children's needs at the time of the hearing. The trial court made numerous, in-depth findings regarding the children's accustomed standard of living, the needs of the children, and the variance between the expenses incurred by defendant on behalf of the children and expenses incurred by plaintiff on behalf of the children. These findings are sufficient to support the trial court's conclusion that the *Pataky* presumption was rebutted. Although in most cases, the custodial parent obtains an increase in child support, a court has discretionary authority to enter an order establishing child support in an amount less than the amount established by a separation or child support agreement. *See Bottomley v. Bottomley*, 82 N.C. App. 231, 234-35, 346 S.E.2d 317, 320 (1986) (holding trial court had discretionary authority to enter order setting child support amount as less than that provided for in the parties' separation agreement). We hold the trial court did not abuse its discretion by determining that the *Pataky* presumption had been rebutted.

*II*

**[2]** Defendant also argues the trial court's order was not supported by adequate findings. We disagree.

The trial court, in its order, made over one hundred findings of fact regarding the evidence presented at trial. Although the sheer number of findings does not automatically mean the findings were supported by the evidence, in the instant case, the trial court painstakingly reviewed the evidence presented, compared the evidence, and, in its discretion, determined an appropriate amount of child support that would address the needs of the children.

Defendant essentially argues that, given plaintiff's income, the trial court's order deprives the children of advantages and luxuries they otherwise would have received. However, the trial court care-

fully considered the advantages and luxuries the children received—such as private school—and ensured the children were able to continue to have the advantages. The trial court's numerous substantive findings indicate the trial court carefully considered the evidence presented by defendant regarding the needs of the children and their accustomed standard of living. The trial court, in its discretion, determined that a portion of the expenses defendant claimed as related to the needs of the children were either unrelated to need or were exorbitant. We cannot say the trial court abused its discretion by refusing to include a portion of the expenses claimed by defendant as necessary to meet the reasonable needs of the children.

Defendant specifically contends the trial court erred by determining that the cost of a nanny was unnecessary. However, the trial court found that plaintiff had the children 40% of the time, defendant had the children 60% of the time, and because of defendant's schedule, defendant could meet the children's transportation needs without the assistance of a nanny. The trial court also found that because defendant was able to transport the children, expenditures for an additional car for the nanny's use were unnecessary. The evidence presented established that defendant was not employed outside of the home and there was only one instance per week where the children's activity schedules overlapped. We hold the trial court's finding was supported by competent evidence in the record and the trial court did not abuse its discretion.

### III

Defendant argues the trial court erred by intervening and reducing the amount of child support agreed upon by the parties. We disagree.

In *Bottomley*, this Court affirmed a trial court's ability to reduce the amount of child support agreed to in an agreement if the evidence presented supported a finding that the amount agreed upon was excessive. *Id.* at 234-35, 346 S.E.2d at 320. Having already established that a trial court may in its discretion reduce the amount of child support and having determined the trial court in the present case did not abuse this discretion, we reject defendant's argument. This assignment of error is overruled.

AFFIRMED

Judges McGEE and STEELMAN concur.