NAOMI G. BAILEY v. WILLIAM D. BAILEY

No. 7512DC298

(Filed 2 July 1975)

**Husband and Wife § 11— separation agreement — "alimony" provisions — modification outside power of court**

Where the separation agreement of the parties was properly executed and acknowledged, the court, upon a showing of a change in circumstances of the parties occurring after execution of the agreement, had no power to modify the provisions in the agreement relating to the payments to be made by the defendant for the benefit of the plaintiff.

APPEAL by defendant from *Herring, Judge.* Judgment entered 12 February 1975 in District Court, CUMBERLAND County. Heard in the Court of Appeals 11 June 1975.

Plaintiff and defendant were formerly married to each other. On 11 November 1970 they signed a separation agreement by which, among other things, defendant husband agreed to pay plaintiff wife $500.00 per month "for the support and maintenance of the minor children of said parties and the Wife, of which sum $250.00 shall be designated child support and $250.00 shall be designated alimony for the Wife." No question is presented on this appeal concerning the provisions in the agreement relating to child support. The agreement provided "that the payments in the amount of $250.00 per month specified herein to be paid as permanent alimony for the Wife shall survive absolute divorce of the parties (unless such divorce is procured by the Wife on the grounds of separation or by the Husband on the ground of adultery, in either which events said alimony shall terminate) but shall terminate in the event the Wife remarries, the Wife expressly waiving her right, if any, to receive any other or greater sum as permanent alimony from the Husband."

Subsequent to execution of the separation agreement, the husband instituted an action for divorce on the grounds of one year's continuous separation and was granted such divorce in Cumberland County. He has subsequently married and has adopted the two children of his present wife.

By complaint verified on 4 October 1973 filed in Case No. 73CVD4290 plaintiff alleged that defendant was in arrears in the amount of $1,375.00 in making payments as provided in the

agreement, for which amount plaintiff prayed judgment. Defendant answered and admitted he was in arrears in the amount of $1,250.00 "on the alimony payment to the Plaintiff." As a further defense, defendant alleged that since the date of the separation agreement the circumstances of the parties had changed in that plaintiff's earnings had substantially increased while his own expenses, incident to his later marriage and the adoption of two children, had increased without a proportionate increase in his income. Defendant prayed that the amount of the "alimony" payable by him to plaintiff be reduced. By order dated 2 April 1974 in Case No. 73CVD4290, the court granted plaintiff's motion for summary judgment against defendant in the amount of $1,250.00, the amount by which defendant admitted he was in arrears, and reserved the other issues raised by the pleadings in that case to be litigated at a future trial.

By complaint filed on 27 June 1974 in Case No. 74CVD3119, plaintiff alleged that since the filing of her complaint in the prior case on 4 October 1973 defendant had made no payments to her as required by the separation agreement except the payment of the arrearage in the amount of $1,250.00 which he had been previously ordered to pay and that defendant had become in arrears in the amount of $2,250.00 for payments required under the contract from October 1973 through June 1974. In Case No. 74CVD3119 plaintiff prayed judgment against defendant in the sum of $2,250.00. Defendant filed answer, admitting that demand had been made for the $2,250.00 and that he had refused to pay the same, and alleging as a defense that the prior action was still pending in which the issue raised by his plea of change in circumstances had not yet been determined. Defendant also again alleged the change in circumstances as a defense to plaintiff's claim.

The parties stipulated that both causes, No. 73CVD4290 and No. 74CVD3119, be heard by the court without a jury, and on motion of both parties the two cases were consolidated for trial. The parties further stipulated that unless the court modifies the contract the sum of $2,250.00 is due under the terms of the contract for the time alleged in the complaint in Case No. 74CVD3119.

At the hearing, the defendant attempted to offer evidence to support his allegations as to the change in the circumstances of the parties, but the court ruled as a matter of law that it did not have power to modify the contract entered into between

the parties and therefore excluded the evidence. The court entered judgment in which it made findings of fact, concluded as a matter of law that it had no power to change the contract, and adjudged that plaintiff recover of defendant in Case No. 74CVD3119 the sum of $2,250.00 with interest. From this judgment, defendant appealed.

*Blackwell, Thompson, Swaringen, Johnson & Thompson, P.A., by E. Lynn Johnson, for plaintiff appellee.*

*McCoy, Weaver, Wiggins, Cleveland & Raper, by L. Stacy Weaver, Jr., for defendant appellant.*

PARKER, Judge.

The copy of the separation agreement appearing in the record discloses that it was properly executed and acknowledged in conformity with the requirements of G.S. 52-6. No question has been raised in this litigation as to the validity of the agreement, and both parties recognize that it is binding as to them. The sole question presented by this appeal is whether the court, upon a showing of a change in the circumstances of the parties occurring after execution of the agreement, has the power to modify the provisions in the agreement relating to the payments to be made by the defendant for the benefit of the plaintiff. We agree with the trial judge that the court has no such power.

"The ordinary rules governing the interpretation of contracts apply to separation agreements and the courts are without power to modify them." *Church v. Hancock,* 261 N.C. 764, 765, 136 S.E. 2d 81, 82 (1964). Of course, no agreement between husband and wife can deprive the court of its inherent authority to protect the interests and provide for the welfare of minor children, *Fuchs v. Fuchs,* 260 N.C. 635, 133 S.E. 2d 487 (1963); *Rabon v. Ledbetter,* 9 N.C. App. 376, 176 S.E. 2d 372 (1970), but the rights of the children are in no way involved in the present appeal. We hold that insofar as the rights of the parties before us are concerned, the court had no inherent power to revise the contract. Furthermore, we do not agree with defendant's contention that the parties in the present case by their contract evidenced an intention that the court should have such a power with respect to the present contract. It is true that the contract describes the payments to be made for the benefit of the wife as "alimony" and that it provides for termination of the payments upon the occurrence of the same events which,

under G.S. 50-11(c) and G.S. 50-16.9(b), would cause termination of the wife's right to receive alimony awarded by a decree of court. However, to imply from these provisions that the court might thereafter revise their agreement in the same manner and under the same circumstances in which the court admittedly can revise its own prior decrees awarding alimony simply requires a more vigorous rewriting of the contract by implication than we are willing to undertake. Had the parties actually intended that the court should have the same power to change from time to time the amount of the payments which they had agreed upon, surely such an important provision would have been expressly stated and would not have been left to be included only by vague implication.

Affirmed.

Chief Judge BROCK and Judge ARNOLD concur.