ROGERT L. McKAUGHN, JR. v. MARGERY S. McKAUGHN

No. 7625DC95

(Filed 16 June 1976)

1. Divorce and Alimony § 23; Husband and Wife § 11— separation agreement — modification of child support provisions

While a separation agreement may be modified by increasing child support payments where the party with custody establishes that the separation agreement provisions do not adequately protect the interests of and provide for the welfare of the children, no principle of public policy intervenes to relieve a party from the obligations of a separation agreement requiring support payments in excess of or other payments in addition to that required by law.

2. Husband and Wife § 11— modification of separation agreement

A separation agreement is a contract between the parties and the court is without power to modify it except (1) to provide for adequate support for minor children, and (2) with the mutual consent of the parties thereto where the rights of third parties have not intervened.

3. Divorce and Alimony § 23; Husband and Wife § 11— separation agreement — child support — impossibility of performance — reasonable child support

The trial court's findings, admittedly supported by evidence, rebut the presumption that child support provisions of a separation agreement are now just and reasonable and support the conclusion that plaintiff father is unable to comply with provisions of the separation agreement requiring him to pay $1,000 per month for child support and to maintain a $200,000 life insurance policy with the children as beneficiaries and a $50,000 policy with the wife as beneficiary, and the court did not err in ordering child support payments of $500 per month and the maintenance of a $100,000 life insurance policy, where the court found that plaintiff's income has decreased from $50,000 to $26,000 per year, his net worth has decreased from $1,000,000 to $61,000, plaintiff's living expenses are $27,312 per year, the children have needs based on expenditures for them by defendant of $18,925 per year (including $3,000 for a beach cottage for one month), and defendant wife has an independent estate in excess of $2,000,000 and an annual income of $25,000.

McKaughn v. McKaughn

APPEAL by defendant from *Tate, Judge.* Judgment entered 31 October 1975, District Court, CATAWBA County. Heard in the Court of Appeals 12 May 1976.

Plaintiff alleges that he and defendant entered in a separation agreement on 19 January 1973, which provided in pertinent part that defendant have custody of their four children subject to his reasonable visitation right; that he pay $1,000 per month to defendant for their support; and that plaintiff maintain an insurance policy on his life in the face amount of $200,000 naming the four children as beneficiaries and a life policy in the sum of $50,000 naming defendant as beneficiary.

Plaintiff further alleges that he and defendant were divorced in February 1974; that he remarried in April 1974; that since the execution of the separation agreement there has been a substantial change in circumstances in that defendant has denied him the right to visit his children and in that his income has been substantially reduced; and that since 1 November 1974 he has reduced payments to defendant for the child support to the sum of $500 per month and reduced his life policy to $100,000. Plaintiff prays that the court inquire into child custody, visitation rights, and support.

Defendant answered admitting the allegations. of the complaint except for the change of circumstances and denial of visitation rights and crossclaimed for $2,755.04 arrears in support payments and specific performance of the $200,000 life policy as provided in the separation agreement.

In his reply to defendant's cross action plaintiff pled financial inability to comply with the terms of the separation agreement, and that he was not liable to defendant under the agreement since defendant had breached the agreement by denying visitation rights to him.

It was admitted by the parties that the facts found by the trial court in its order were supported by the evidence. The facts found included the following: From time of the separation agreement (January 1973) until now, plaintiff's net worth had decreased from $1,000,000 to $61,000, and his income decreased from $50,000 to $26,000; defendant had an independent estate of $2,000,000 and net income of $25,000; plaintiff's living expenses amounted to $2,276 per month.

The trial court ordered that defendant recover of plaintiff the arrearage due for child support, that plaintiff pay child support in the sum of $500 per month, and all medical and dental expenses of the children, and maintain a life policy in the sum of $100,000, that defendant have primary custody of the children and plaintiff have reasonable visitation rights, and that defendant was not entitled to have specific performance of the two life policies. Defendant appealed.

*Gaither & Gorham by James M. Gaither, Jr., for plaintiff appellee.*

*Sigmon, Clark & Mackie by William R. Sigmon for defendant appellant.*

CLARK, Judge.

Plaintiff seeks relief from the provisions of the separation agreement requiring (1) child support payments of $1,000 per month, and (2) life insurance policies in the face amount of $200,000 with his children as beneficiaries and $50,000 with his wife as beneficiary. In doing so, plaintiff does not seek a modification of the separation agreement. Rather, he takes the position that a substantial decrease in income and net worth since the execution of the agreement, makes performance impossible, and he seeks to have the court determine, in the light of his present financial circumstances, what he should provide for child support.

It is settled that any separation agreement dealing with the custody and the support of the children of the parties cannot deprive the court of its inherent as well as statutory authority to protect the interests of and provide for the welfare of minors. 2 Lee, N. C. Family Law, § 190 (1963).

[1] A separation agreement is modified by increasing child support payments where the party with custody establishes that the separation agreement provisions do not adequately protect the interests of and provide for the welfare of the children. But no principle of public policy intervenes to relieve a party from the obligations of a separation agreement requiring support payments in excess of or other payments in addition to that required by law. See *Church v. Hancock*, 261 N.C. 764, 136 S.E. 2d 81 (1964) ; *Bailey v. Bailey*, 26 N.C. App. 444, 216 S.E. 2d 394 (1975).

McKaughn v. McKaughn

**[2]** A separation agreement is a contract between the parties and the court is without power to modify it except (1) to provide for adequate support for minor children, and (2) with the mutual consent of the parties thereto where rights of third parties have not intervened. *Hinkle v. Hinkle,* 266 N.C. 189, 146 S.E. 2d 73 (1966) ; *Fuchs v. Fuchs,* 260 N.C. 635, 133 S.E. 2d 487 (1963) ; *Turner v. Turner,* 242 N.C. 533, 89 S.E. 2d 245 (1955) ; 42 C.J.S., Husband and Wife, § 599, p. 183.

> "Nevertheless, where parties to a separation agreement agree concerning the support and maintenance of their minor children, there is a presumption, in the absence of evidence to the contrary, that the provisions mutually agreed upon are just and reasonable, and the court is not warranted in ordering a change in the absence of any evidence of a change in conditions." *Rabon v. Ledbetter,* 9 N.C. App. 376, 379, 176 S.E. 2d 372, 375 (1970).

**[3]** In the case before us the trial court found as a fact the decrease in plaintiff's income from $50,000 to about $26,000 per year, decrease in his net worth from $1,000,000 to $61,000, living expenses of the plaintiff in the sum of $27,312.00 per year, needs of the children based on expenditures for them by defendant in the sum of $18,925.32 (including $3,000 for a beach cottage for one month), and defendant's independent estate in excess of $2,000,000 and annual income of about $25,000. These and other findings of fact, admittedly supported by the evidence, rebut the presumption that the provisions mutually agreed upon are now just and reasonable and support the conclusions that plaintiff was unable to comply with the child support provision of the separation agreement, and otherwise support the other conclusions and the order of the court.

The defendant-wife has a substantial independent estate and income. The mutual duty of both the father and mother to provide support for the children is required by the following provisions of G.S. 50-13.4:

> "(b) In the absence of pleading and proof that circumstances of the case otherwise warrant, the father, the mother, or any person, agency, organization or institution standing in loco parentis shall be liable, in that order, for the support of a minor child. Such other circumstances may include, but shall not be limited to, the relative ability of all the above-mentioned parties to provide support or

the inability of one or more of them to provide support, and the needs and estate of the child. Upon proof of such circumstances the judge may enter an order requiring any one or more of the above-mentioned parties to provide for the support of the child, as may be appropriate in the particular case, and if appropriate the court may authorize the application of any separate estate of the child to his support.

(c) Payments ordered for the support of a minor child shall be in such amount as to meet the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, and other facts of the particular case."

The trial court enforced the child support provisions of the separation agreement by awarding to the defendant-wife judgment for the arrearage due under the agreement. However, it approved the maintenance of a life insurance policy in the face amount of $100,000 by plaintiff with the children as beneficiaries and denied defendant's prayer for specific performance of the separation agreement provisions that he maintain life policies of $200,000 with the children as beneficiaries and $50,000 with defendant as beneficiary. We find that specific performance is not an appropriate remedy since defendant has failed to establish that she has no adequate remedy at law. And defendant sought no other remedy. The judgment in this case does not change plaintiff's *contractual* obligations under the separation agreement. The question before the court was what amount it would require in the exercise of its inherent and statutory authority to provide for the welfare of minors. We find no abuse of discretion by the court in ordering child support payments of $500 per month and the maintenance of a life insurance policy in the face amount of $100,000 with his children as beneficiaries.

The order of the trial court is

Affirmed.

Judges VAUGHN and MARTIN concur.