LARRY EUGENE COBLE v. CHERYL BANKS COBLE (KLASSETTE)

No. 7926DC205

(Filed 18 December 1979)

1. **Divorce and Alimony § 24; Parent and Child § 7— support of child—duties of father and mother**
     Under G.S. 50-13.4(b), the father has the primary duty to provide support for his minor children, but the mother may also have a duty of contribution upon proof of proper circumstances.

**2. Divorce and Alimony § 24— child support—payment by mother to father**

     The trial court did not err in determining that plaintiff father is entitled to an award of $180.00 per month from defendant mother for the partial support of their children where plaintiff father was given custody of the children and the evidence supported the court's findings that plaintiff father is in need of financial assistance from defendant mother for the partial support of the children and that she is regularly employed and capable of providing it.

**3. Divorce and Alimony § 24.2— child support—effect of separation agreement**

     A provision in a contract between parents relating to support of their children is only presumptively just and reasonable and is subject to change by the court upon a showing of need.

     Judge MARTIN (Robert M.) dissents.

APPEAL by defendant from *Brown, Judge.* Order entered 21 December 1978 in District Court, MECKLENBURG County. Heard in the Court of Appeals 26 September 1979.

     This action for divorce was brought on 16 January 1978 by plaintiff. In her answer defendant admitted the allegations of the complaint and prayed for custody of the two minor children born of the marriage, James Stephen Coble, then age 7, and Brandee Nicole Coble, then age 3. The parties were married on 6 September 1969 and lived together as husband and wife until their separation on 9 June 1976. Pursuant to the terms of a separation agreement, plaintiff-father had retained custody of the children. After a decree of absolute divorce was entered on 28 March 1978, plaintiff-father filed a motion in the cause alleging that the best interests of the minor children would be served by awarding custody to him. He further prayed for an award of child support.

     At the hearing on the motion, plaintiff presented evidence that his net monthly income was $825.00 and his average monthly expenses, including those of the minor children, were $1,049.20. Defendant offered evidence that she had remarried, and that she was currently employed at a wage of $3.97 per hour on a forty-hour week, plus time-and-a-half for overtime which totalled as much as 32 hours in one week. During the parties' separation she bought the children clothes, shoes, toys, and other items which they needed and she was able to provide.

     In its order of 21 December 1978, the trial judge awarded custody of the minor children to plaintiff-father, subject to visita-

tion rights of defendant on alternate week-ends, Christmases, and birthdays. The court also made findings of fact, in part, as follows:

12. Defendant has an average monthly net income of approximately $645.00 (LSB) $483.32, plus additional sums through her overtime wages. The additional amounts of income she derives from said overtime employment is not determinable at this time. Defendant's living expenses are approximately $510.00 per month.

The Plaintiff's average net monthly income is approximately $825.00 and the average monthly financial needs of said minor children are approximately $432.00.

*   *   *

16. Plaintiff is in need of financial assistance from the Defendant for the partial support and maintenance of said children. Defendant is an able-bodied person and is capable of providing child support as herein ordered.

Based on these findings of fact the court concluded that plaintiff was entitled to an award of child support and ordered defendant to pay the sum of $180.00 per month until the children's majority. Defendant appeals from this order.

*Levine, Goodman & Pawlowski, by Paul L. Pawlowski for plaintiff-appellee.*

*Bryant, Hicks & Sentelle, by Richard A. Elkins, for defendant-appellant.*

PARKER, Judge.

[1, 2]  Defendant's assignments of error are directed to the trial court's finding of fact that the defendant is capable of providing child support and to its conclusion that the plaintiff is entitled to an award of $180.00 per month in child support. The initial question presented is whether defendant-mother has any legal duty to provide support for her children. G.S. 50-13.4(b) provides in part:

In the absence of pleading and proof that circumstances of the case otherwise warrant, the father, the mother, or any person, agency, organization or institution standing in loco parentis shall be liable, in that order, for the support of a

minor child. Such other circumstances may include, but shall not be limited to, the relative ability of all the above-mentioned parties to provide support or the inability of one or more of them to provide support, and the needs and estate of the child . . . .

Under the statute, the duty of the father to provide support is primary. *Tidwell v. Booker*, 290 N.C. 98, 225 S.E. 2d 816 (1976). However, the mother also may have a duty of contribution upon proof of proper circumstances. *See McKaughn v. McKaughn*, 29 N.C. App. 702, 225 S.E. 2d 616 (1976). Such circumstances have been shown in the present case. Plaintiff-father had exercised custody and control of the minor children since the parties' separation and, under the terms of the court's order of 21 December 1978, will continue to exercise such custody and control. The trial judge found as a fact that plaintiff-father is in need of financial assistance from defendant-mother for the *partial* support of the children, and that she is capable of providing it. He made specific findings of fact concerning the monthly expenses and average net income of defendant-mother, the average monthly financial needs of the children, and plaintiff-father's monthly net income. Although there was no finding as to plaintiff-father's monthly expenses, the court's finding that he was in need of financial assistance is supported by competent evidence in the record that monthly expenses for himself and the children totalled $1,049.20, which is $224.20 in excess of his average net income. Likewise, there is competent evidence in the record that defendant is regularly employed with a steady income, and that she has a working spouse. The finding of fact of defendant-mother's ability to pay, as well as of plaintiff-father's need of such payment, being supported by the evidence, is therefore conclusive. *Wyatt v. Wyatt*, 32 N.C. App. 162, 231 S.E. 2d 42 (1977). There is no indication in this case, contrary to defendant-mother's contention, that the trial court intended to shift the primary duty of support to defendant-mother. Having considered "relative ability" of the parties to provide support in view of their expenses and incomes, as required by G.S. 50-13.4(b), the trial judge merely determined that plaintiff-father should receive some assistance in bearing the cost of supporting the children in his custody.

The next question presented is whether the court erred in ordering defendant-mother to pay $180.00 per month in partial

support. The amount awarded for child support is in the sound discretion of the trial judge and will be disturbed only where abuse of discretion is shown. *Sawyer v. Sawyer*, 21 N.C. App. 293, 204 S.E. 2d 224 (1974). No such abuse of discretion has been shown in the present case. Although defendant-mother's expenses exceed her income even before the support payment is made, plaintiff-father is in no better financial position. It is apparent from the findings that the trial court took the needs of both parties into consideration, as well as the monthly needs of the children, and apportioned the duty of support accordingly.

[3] Defendant-mother has also presented the argument on this appeal that the 2 July 1976 separation agreement entered into between the parties precludes any award of child support. That question is not properly before this Court, since the agreement was not made a part of the record in this case. However, even if the parties did so contract, their agreement could not operate to remove the children completely from the protective supervision of the courts in regard to support. *Bunn v. Bunn*, 262 N.C. 67, 136 S.E. 2d 240 (1964); 2 Lee, North Carolina Family Law, § 189, pp. 395-396 (1963). A provision in a contract between the parents relating to support of their children would only be presumptively just and reasonable, subject to change by the court upon a showing of need. *Fuchs v. Fuchs*, 260 N.C. 635, 133 S.E. 2d 487 (1963).

For the reasons stated, the order appealed from is

Affirmed.

Chief Judge MORRIS concurs.

Judge MARTIN (Robert M.) dissents.