**CHARLES E. ENGEMAN, Appellant/Respondent**
**v.**
**KIMBERLY L. ENGEMAN, Appellee/Petitioner**

S. Ct. Civil No. 2015-0023

Supreme Court of the Virgin Islands

June 9, 2016

670

CHARLES E. ENGEMAN, ESQ., St. Thomas, USVI, *Pro se.*

ANDREW L. CAPDEVILLE, ESQ., Law Offices of Andrew L. Capdeville, P.C., St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(June 9, 2016)

CABRET, *Associate Justice.* The father of two minor children appeals the Superior Court's order denying his motion to modify his child-support

obligations under a separation agreement he entered into with the children's mother. He argues that despite the fact that the separation agreement was merged into the divorce decree, the Superior Court was still required to apply the child-support guidelines promulgated by the Division of Paternity and Child Support of the Virgin Islands Department of Justice. Although the Superior Court erred by not applying these guidelines, we affirm the Superior Court's order because the father invited the Superior Court's error.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The parties were married in New York in 1991 and moved to the Virgin Islands in 1992. The parties have two teenage children, A.C.E. and J.W.E. On May 13, 2010, the mother filed a divorce petition in the Superior Court of the Virgin Islands, citing irreconcilable conflicts, and stating that the parties "have entered into a [s]eparation [a]greement which has resolved all issues as to property division, custody, alimony and support for the children, which will merge with any Decree of Divorce that is entered by the Court." The petition further provided that "[n]either party is entitled to alimony."

That same day, the father filed an answer, agreeing with the divorce petition in every respect and requesting that the Superior Court grant the divorce. The parties also filed a joint motion for summary judgment seeking the same relief.

Along with these documents, the parties filed a March 11, 2010 separation agreement, providing

> that the [father] would pay (1) child support in the amount of 25 percent of his actual net pay with a minimum monthly payment of $5,000, until their first child reaches the age of 18; (2) reduced monthly child support in the amount of 20 percent of actual net pay with a minimum monthly payment of $4,000 after their first child turns 18 but before their second child turns 18; (3) the costs of both children's private school tuition, books, extracurricular activities, and related expenses, as well as medical expenses, through the twelfth grade; and (4) share, with the [mother], the costs of college tuition, room, and board until the children's twenty-third birthdays, in proportion to their gross income for the prior year.

672

*Engeman v. Engeman*, S. Ct. Civ. No. 2015-0023, 2015 V.I. Supreme LEXIS 20, *1-2 (V.I. July 2, 2015) (unpublished) (denying the father's motion for a stay pending appeal). In a June 22, 2010 order, the Superior Court granted the divorce decree and ordered that the March 11, 2010 separation agreement "is hereby merged into" the divorce decree, providing that "its terms shall survive this action for divorce." The Superior Court also ordered that "[a]ll matters relating to child support, including arrears, are hereby transferred to the Department of Justice, Division of Paternity and Child Support."

On October 23, 2013, at the request of the father, the Government of the Virgin Islands filed a motion with the Division of Paternity and Child Support seeking a "three year review" of the father's child support obligations under section 369 of title 16 of the Virgin Islands Code. But in an order dated January 2, 2014, the Division transferred the petition to the Superior Court, finding that the case involved "complex issues requiring judicial resolution." *See* 16 V.I.C. § 354(c) ("If the hearing officer determines that the case involves complex issues requiring judicial resolution, the hearing officer shall enter a temporary child support order and then transfer the matter to a Family Division judge."). After the Division's order, the parties attempted to mediate their dispute over child support, but this effort failed. This prompted the father to file an "emergency motion" with the Superior Court on May 6, 2014, requesting that the court "promptly schedule a hearing to clarify" the child-support obligations under the divorce decree.

The motion asserted that the dispute put the children's education at risk since "neither [party] is apparently willing to undertake the financial commitment for the $36,000+ in tuition for the coming [school] year." The father argued that the Division "must use the Child Support Guidelines to enter a child support order that is enforceable under Virgin Islands law." In the alternative, he asserted that he was entitled to a three-year review of his child-support obligations under 16 V.I.C. § 369(a), which provides that "[e]very three years, all child support orders to which the Division is a party shall be subject to review." The mother opposed this motion on May 22, 2014, urging the court to enforce the original separation agreement and asserting that the father had withheld $14,572 in child support from 2012 to 2013.

The Superior Court held a hearing on these motions on January 22, 2015, during which both parties testified regarding the separation

agreement and the expenses related to the children. The father testified that at the time of the separation agreement, he had an annual income of $450,000. In 2012, this increased to $475,000, but his income was later reduced to $425,000, and has remained there since. The mother testified that since the separation agreement, her income has increased from $15,000 in 2010 to $112,000 in 2015.

In a February 4, 2015 order and opinion, the Superior Court held that the father was not entitled to a three-year review of his child-support obligations under 16 V.I.C. § 369(a) because that section only applies to "child support orders to which the Division [of Paternity and Child Support] is a party." The court nevertheless held that it had the authority to modify the father's child-support obligations under 16 V.I.C. § 110, which provides that the Superior Court "may set aside, alter or modify" a child-support order "[a]t any time after [the] judgment." The Superior Court held that the father had failed to show a substantial change in circumstances to justify altering the original child-support agreement, reasoning that even though the father's income had decreased, and the mother's income had increased, these salary fluctuations were anticipated by the agreement, which "presumed that the parties would each have an annual gross income of no less than $75,000." Accordingly, the Superior Court ordered the father to make all child-support payments required by the separation agreement.

The father filed a timely notice of appeal on March 3, 2015. *See* V.I.S.Ct.R. 5(a)(1). He also moved to stay the Superior Court's order pending appeal that same day, which the Superior Court denied on May 22, 2015. *Engeman v. Engeman*, Super. Ct. DI. No. 89/2010 (STT), 2015 V.I. LEXIS 55 (V.I. Super. Ct. May 22, 2015) (unpublished). The father then filed a motion to stay pending appeal with this Court on June 1, 2015, which we denied on July 2, 2015. *Engeman*, 2015 V.I. Supreme LEXIS 20, at *9.

## II. JURISDICTION

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." V.I. CODE ANN. tit. 4, § 32(a). The Superior Court's February 4, 2015 order denying the father's motion to modify his child-support obligations is a final order under section 32(a), since it

resolved all outstanding issues in the case and ended the litigation on the merits. *Bradford v. Cramer*, 54 V.I. 669, 671 (V.I. 2011).

## III. DISCUSSION

On appeal, the father renews his argument that the Superior Court must apply the child-support guidelines in this case to determine his child-support obligations, regardless of what the parties agreed to in the separation agreement. On the other hand, the mother argues that the father has waived his argument because he affirmatively asked the Superior Court to enforce the separation agreement in the original divorce proceedings.

The Superior Court agreed with the mother, holding that "the parties entered into a valid agreement on March 11, 2010, which resolved the issue of child support, and therefore the [Superior Court] was not obligated to make a child [support] determination that followed the Child Support Guidelines." Whether the Superior Court should have applied the guidelines is a question of law that we review *de novo. Bradford*, 54 V.I. at 671-72.

█ █ In holding that it was not required to apply the child-support guidelines at all in this case due to the parties' separation agreement, the Superior Court erred. Section 345 of title 16 provides that

> [i]n any proceeding to establish or modify a child support obligation ... the child support guidelines ... shall apply. The guidelines shall create a rebuttable presumption that the amount resulting from the application thereof is the correct amount of child support to be awarded. *Application of the guidelines shall extend to proceedings setting child support amounts pursuant to agreement, stipulation or consent.*

16 V.I.C. § 345(b) (emphasis added). "The first step when interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning. If the statutory language is unambiguous and the statutory scheme is coherent and consistent, no further inquiry is needed." *In re L.O.F.*, 62 V.I. 655, 661 (V.I. 2015) (quoting *In re Reynolds*, 60 V.I. 330, 334 (V.I. 2013)). With regard to the language of section 345(b), it is plain and unambiguous in providing that the guidelines "shall extend to," i.e., must be applied, even in cases where the parties have agreed to the amount of child support — like the parties did in this case through their separation agree-

ment. *Bradford*, 54 V.I. at 673 ("[A] court *must* follow the Child Support Guidelines in all proceedings containing an action for child support." (emphasis in original)).

■ These provisions of the Virgin Islands Code were enacted as a condition of federal funding. *See* 42 U.S.C. § 667(a) ("Each State, as a condition for having its State plan approved under this part, must establish guidelines for child support award amounts within the State."); 42 U.S.C. § 619(5) ("Except as otherwise specifically provided, the term 'State' means the 50 States of the United States, the District of Columbia, the Commonwealth of Puerto Rico, the United States Virgin Islands, Guam, and American Samoa."). Federal law — like its territorial counterpart, 16 V.I.C. § 345(b) — provides that "[t]here shall be a rebuttable presumption . . . that the amount of the award which would result from the application of such guidelines is the correct amount of child support to be awarded." 42 U.S.C. § 667(b)(2). Despite this, the federal mandate — and the state and territorial legislation implementing it — does not deprive state and territorial courts of "the authority to establish criteria for deviation from the guidelines." *Pataky v. Pataky*, 160 N.C. App. 289, 585 S.E.2d 404, 409 (2003).

■ ■ Indeed, federal law provides that, despite the rebuttable presumption created by state and territorial child-support guidelines, "[a] written finding or specific finding on the record that the application of the guidelines would be unjust or inappropriate in a particular case, *as determined under criteria established by the State*, shall be sufficient to rebut the presumption in that case." 42 U.S.C. § 667(b)(2) (emphasis added). In implementing this aspect of the federal mandate, the Virgin Islands Legislature has provided that "[t]he guidelines may be modified or disregarded if it is determined that injustice would result from the application thereof. Such determination must be based on criteria taking into consideration the best interests of the [children]." 16 V.I.C. § 345(c). And all state authorities appear to agree that it is in the best interests of the children to enforce a separation agreement setting an amount of child support that exceeds the amount provided by the guidelines.[1] *See, e.g.,*

---

[1] While this is true for a separation agreement providing for child-support obligations that exceed the guidelines amount, the same is not true for a separation agreement that attempts to relieve one parent from the child-support obligations that would be imposed under the guidelines. "[T]he duty to pay . . . support money for children[] is public in nature,"

*Amodio v. Amodio*, 56 Conn. App. 459, 743 A.2d 1135, 1142 (2000) ("The purpose of the child support guidelines is to provide for the adequate support of children. That purpose would be thwarted if a party could not voluntarily agree to pay more than the presumptive amount set by the guidelines."); *Steele v. Steele*, 2005 WY 33, 108 P.3d 844, 848 (2005) ("When an agreement as to child support is involved, . . . more weight may be given to the agreement [than the guidelines]. Child support agreements entered into by the parties are favored by the courts." (citation omitted)); *Pataky*, 585 S.E.2d at 409-10 ("[W]here parties to a separation agreement agree upon the amount for the support and maintenance of their minor children, there is a presumption in the absence of evidence to the contrary, that the amount mutually agreed upon is just and reasonable." (citation and internal quotation marks omitted)); *In re Marriage of Petersen*, 132 Ore. App. 190, 888 P.2d 23, 30 (1994) (en banc) ("[T]he trial court did not exceed its authority . . . when it adopted the parties' agreement for payment of child support in an amount greater than the presumed amount under the guidelines."); *Lanahan v. Nevius*, 317 A.2d 521, 523-24 (D.C. 1974) ("Judicial economy is advanced by such agreements, the court not having to expend its time doing for the parties what they presumably are better able to do for themselves, that is, determine what disposition of property and provision for support is fair and reasonable.").

█ So the Superior Court was correct that the separation agreement provided a valid basis to disregard the guidelines in this case. But 16 V.I.C. § 345(c) provides that in modifying or disregarding the guidelines, the Superior Court must support that decision with "specific and written findings of fact, including, at a minimum, the amount that would have been established by the guidelines and the reasons for the variance therefrom." This the Superior Court failed to do. It made no findings of fact supporting its decision to disregard the guidelines and

---

*Goggans v. Osborn*, 237 F.2d 186, 189, 16 Alaska 451 (9th Cir. 1956), and while "[t]he parties may enter into an agreement for child support, . . . a child's basic right to support by the parents is not affected by any agreement between the parents or third persons." 27C C.J.S. *Divorce* § 1085; *see also Pataky*, 585 S.E.2d at 409 ("No agreement or contract between husband and wife will serve to deprive the courts of their inherent as well as their statutory authority to protect the interests and provide for the welfare of infants." (quoting *Fuchs v. Fuchs*, 260 N.C. 635, 133 S.E.2d 487, 491 (1963))); 27C C.J.S. *Divorce* § 1086 ("The court's obligation to determine whether the child support is sufficient is not satisfied simply by adopting the parties' agreement.").

accept the child-support provisions of the separation agreement, and never determined what the guidelines would have required the father to pay in child support in this case.

■ Nonetheless, as we noted in denying the stay pending appeal, the father invited this error by "induc[ing] the Superior Court to commit the very error that he now complains of on appeal" when he asked the Superior Court to grant the divorce and enforce the provisions of the separation agreement in the joint divorce petition. *Engeman*, 2015 V.I. Supreme LEXIS 20, at *5. This Court has previously explained that "when a [party] induces or encourages the Superior Court to commit an error, the invited error doctrine precludes that error from forming the basis for reversal on . . . appeal." *Williams v. People*, 59 V.I. 1024, 1033 (V.I. 2013) (collecting cases). The father's action of agreeing to the child-support obligations included in the separation agreement and then requesting that the Superior Court incorporate that agreement into the divorce decree falls squarely within this definition of invited error.

■ And, although the Superior Court never determined the amount of child support the guidelines would have required in this case, neither party disputes that the separation agreement imposes greater child-support obligations on the father than the guidelines otherwise would have. As other courts have explained, when a parent agrees to pay more child support than is legally required, "he cannot [later] be heard to complain that support should be modified because the amount he agreed to pay differs . . . from the guideline amount." *Reinhart v. Reinhart*, 938 N.E.2d 788, 791 (Ind. Ct. App. 2010); *see also Weber v. Deming*, 292 S.W.3d 914, 919 (Mo. Ct. App. 2009) (finding invited error where the mother argued that the trial court misapplied the guidelines after the court granted the mother the amount of child support she requested); *In re Marriage of Galen*, 157 Ill. App. 3d 341, 510 N.E.2d 597, 599 (1987) (finding invited error where the amount of child support was set by stipulation).

■ Significantly, "[a] child-support agreement between the parties that is merged into the decree is as effective as any other decree with the same terms." 27C C.J.S. *Divorce* § 1086 n.6. Thus, "a final order incorporating [a child-support] agreement should not be modified just because one of the parties [later] decides their bargain was improvident." *Robinson v. Robinson*, 953 P.2d 880, 884 (Alaska 1998); 27C C.J.S. *Divorce* § 1137. In exchange for the father's agreement to pay more child support than

required by the guidelines, the mother waived alimony, among other concessions she might not have made in the absence of the child-support provisions of the agreement. "To allow a downward modification of child support . . . while all other provisions of the parties' agreement remain enforceable would be inequitable." *Amodio*, 743 A.2d at 1144. Accordingly, because the father in this case invited the error he is now raising on appeal, and it would be inequitable to enforce the remaining provisions of the separation agreement against the mother while relieving the father of the child-support obligations he agreed to, we decline to do so.

■ The father argues in the alternative that even if the child-support agreement is enforceable, he is entitled to a review of the agreement every three years under 16 V.I.C. § 369(a). Section 369(a) provides that "[e]very three years, all child support orders to which the Division [of Paternity and Child Support] is a party shall be subject to review, and if appropriate, adjustment, in accordance with a publicly available Review and Adjustment Plan established by the Division." The Superior Court held that section 369 does not apply here because the Division was not a party to the child-support order in this case, and there is no error with that holding. The language of this statute is clear — child-support orders "to which the Division is a party" shall be subject to review every three years. The Division was not a party to the child-support arrangement in this case; it was reached by private agreement and incorporated by reference into the divorce decree.

■ Because the Division was not a party to this child-support arrangement, in order to obtain a modification of his child-support obligations, the father must satisfy 16 V.I.C. § 110 by showing "such a substantial and continuing change of circumstances since the entry of the original decree as to make continued enforcement of that decree unfair." *Rogers v. Rogers*, 14 V.I. 130, 135 (V.I. Super. Ct. 1977) (citation omitted); *see also Viles v. Viles*, 316 F.2d 31, 33, 4 V.I. 415 (3d Cir. 1963) ("The fact that the decree in the present case was drawn with reference to a separation agreement does not limit the court's power under [16 V.I.C. § 110]."); *Reinhart*, 938 N.E.2d at 793 (where the father invited the error by agreeing to pay more child support than required by the guidelines, he "may petition to modify child support if he can demonstrate a substantial and continuing change in circumstances . . . so as to warrant modification of his child support obligation").

██ In this case, the Superior Court held that the father failed to show a substantial change in circumstances because the fluctuations in the parties' incomes was contemplated under the March 11, 2010 separation agreement and taken into account in the child-support arrangement it set up. The Superior Court did not commit error in finding that the father had failed to show a substantial and continuing change in circumstances that would justify revisiting the child-support provisions of the separation agreement. *See Robinson*, 953 P.2d at 884-85 ("In agreeing to entry of an order for support exceeding that required under [the guidelines], parties may reach a bargained-for result based on their understanding of the circumstances when they enter into their agreement and their anticipation of contingent future events.").

██ Finally, the Superior Court's divorce decree — which incorporated the separation agreement and provided that "its terms shall survive this action for divorce," — also stated that "[a]ll matters relating to child support . . . are hereby transferred to the Department of Justice, Division of Paternity and Child Support." The father suggests that this language constituted a rejection of the child-support provisions of the separation agreement, making a new child-support determination by the Division appropriate. But "[a] separation agreement is a contract between the parties and the court is without power to modify it except . . . to provide for adequate support for minor children." *Pataky*, 585 S.E.2d at 409 (quoting *McKaughn v. McKaughn*, 29 N.C. App. 702, 225 S.E.2d 616, 618 (1976)); *see also Goggans*, 237 F.2d at 189 ("When approved by the court, [those terms] may not be modified without the consent of the parties unless there was fraud or collusion." (citations omitted)).

██ ██ Thus, to the extent that the language of the Superior Court's order could be interpreted as an order requiring a new determination of child support by the Division, without regard to the separation agreement — as the father suggests — it would be invalid as a *sua sponte* modification of the incorporated separation agreement without the consent of the parties or a showing of substantially changed circumstances under 16 V.I.C. § 110. *See, e.g., Watlington v. Canton*, 18 V.I. 203, 210 (V.I. Super. Ct. 1982) (a reduction in child support should be granted "only when the court finds it equitable to adjust the responsibilities of the divorced parties brought about by substantial changes in circumstances that follow the divorce"); *Emanuel v. Emanuel*, 15 V.I. 103, 111 (D.V.I. 1978) (requiring that "a change of circumstances

must be alleged," that "the change must be substantial and continuing," and that "the change must be unanticipated" (internal quotation marks omitted)). Because the Superior Court lacked the authority to do this, we reject the father's interpretation and we affirm the Superior Court's order denying his motion to modify his child-support obligations.

## IV. CONCLUSION

Although 16 V.I.C. § 345(b) provides that the child-support guidelines shall apply to all child-support awards, even those governed by agreement of the parties, the father invited the Superior Court's error in failing to apply the guidelines when he affirmatively induced the court to enforce the separation agreement during the divorce proceedings. Further, because he failed to demonstrate a substantial change in circumstances, the Superior Court did not err in refusing to reexamine his child-support obligations. We accordingly affirm the Superior Court's February 4, 2015 order.